856 F.2d 187
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Donald L. POLING, Plaintiff-Appellee,
v.
CAPITAL SYSTEMS, INC., Defendant-Appellant.
 No. 86-2669.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 5, 1987.
Decided Aug. 19, 1988.
 
 David Stephen Klontz, John E. Ritzert, Jr. (Bentzen & Ritzert on brief) for appellant.
 David J. Curtin (Lucinda J. Bach, Schwalb, Donnenfeld, Bray & Silbert on brief) for appellee.
 Before WIDENER and JAMES DICKSON PHILLIPS, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Donald L. Poling worked for Capital Systems, Inc., as a fully-commissioned sales representative from October 1983 until January 1986, when he was fired. Capital Systems is in the business of selling computer products and services, primarily to government agencies. Just prior to Poling's termination, he had obtained a multi-million dollar Navy contract for Capital Systems. Capital Systems refused to pay Poling commissions on the Navy contract and other contracts, arguing that Poling did not earn commissions on contracts he had obtained before he was fired if those contracts did not produce revenue until after he was fired.
 
 
 2
 Poling sued Capital Systems, claiming that he was entitled to commissions on the contracts he had obtained prior to the time that he was fired. The written compensation agreement between Poling and Capital Systems provided that Poling "would be paid commissions on the orders resulting from opportunities [he] genera[ed]." The jury awarded Poling $244,049.76 in unpaid commissions.
 
 
 3
 Capital Systems appeals to this court arguing that a new trial should be granted because of erroneous jury instructions, inadmissible expert testimony, and erroneous evidentiary rulings. Because this court does not have to construe laws and principles so as to produce unconscionable results, we affirm.
 
 
 4
 Capital Systems argues that this court should order a new trial because one sentence of the district court's instructions to the jury read: "A party to a contract who prevents the other party from performing has breached the contract." Capital Systems argues that this instruction prejudicially interjected into the jury's deliberations the question of the lawfulness of Capital Systems' decision to fire Poling. We do not believe that this instruction affected the trial to such an extent that a new trial is merited. The instructions in this case adequately informed the jury of the proper standard to be applied. The record shows that there was considerable emphasis throughout the trial on the fact that Virginia is an employment-at-will state, and that the jury was not to consider why Capital Systems fired Poling.
 
 
 5
 Capital Systems also argues that the district court improperly and prejudicially instructed the jury that one of Poling's witnesses, Paul Goldstein, was an expert witness. The record reveals that Mr. Goldstein had twenty years of experience in the data processing industry and was well qualified to testify about practices in the computer industry. The trial court, therefore, did not abuse its discretion in referring to Mr. Goldstein as an expert.
 
 
 6
 Capital Systems' remaining claims about inadmissible hearsay testimony and irrelevant testimony are similarly without merit and, accordingly, we affirm the judgment below.
 
 
 7
 AFFIRMED.